UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLEY GARNER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No._____ |
| | § | |
| ARMANDO CACERES JR, AND, | § | |
| OVERNITE SOFTWARE INC., | § | |
| | § | |
| Defendants. | § | Jury Demanded |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Kimberley Garner, Plaintiff, and files this her Complaint complaining of Armando Caceres, Jr., and Overnite Software, Inc., and would show this Honorable Court as follows:

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. and Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981 et seq. to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Kimberley Garner , who was adversely affected by such practices. The Defendants, Armando Caceres, Jr., and Overnite Software, Inc., unlawfully denied female employees equal employment opportunities by subjecting them to sexual harassment in violation of Title VII of the

Civil Rights Act of 1 964 created a hostile work environment, and retaliated for Plaintiff's refusal to provide inaccurate information in another complaint pending before the EEOC.

### *Jurisdiction and Venue*

2. This Court has jurisdiction over Ms. Garner's claims under Title VII of the Civil Rights Act of 1964, as amended, pursuant to 42 U.S.C. § 2000e-5(f)(3). Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332 over Ms. Garner's claims of sex discrimination in violation of Ms. Garner's Equal Protection rights under the Fourteenth Amendment and her common law claims. This Court has supplemental jurisdiction over Plaintiff's common law and state law claims by virtue of the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

3. Venue is proper in this Court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

### Statement of Claim

4. More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the EEOC alleging violations of Title VII and retaliation by Defendants, her former employer.

5. All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff at all times relevant to this petition was an employee of Defendants.

6. The defendants engaged in unlawful employment practices at 1212 N Velasco St Ste 110 Angleton, TX 77515 where each of them currently does business. Each Defendant may be served at that location. For purposes of service of process Armando Caceres, Jr., is a person authorized to receive service.

7. Defendants Armando Caceres, Jr., and Overnite Software, Inc. have continuously been and are now doing business in the State of Texas and the City of Angleton and have continuously had more than 15 employees.

8. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. § § 2000e(b), (g) and (h).

9. The Defendants are in the business of providing training and safety software to various industries. Plaintiff was employed in the accounting department department and charged with accounting services, employee services and to a limited degree organization of materials for tax purposes.

10. Armando Caceres, Jr., is the majority owner, a director and president of Overnite Software, Inc.. At all times relevant and continuing to Plaintiff's discharge, Mr. Caceres became obsessed with his female employees looks and appearance and required that they accede to his sexually provocative communications and requirements. Those female employees that participated in his sexually discriminatory culture were promoted and given gifts and encouragement. Those

female employees who did not participate in his sexually discriminatory culture were ostracized and ultimately terminated. Examples of sexually discriminatory culture created by Mr. Caceres in the workplace include:

a. Statements that female employees should get in to physical shape to look good. To this end he created health programs, weight loss programs, and criticized female employees who did not participate, and provided employment rewards to those lost weight and in his opinion looked better;

b. He required female employees to wear hula skirts to company sponsored events.

c. He invited female employees out with him after work. He would promote sexual activities of other female employees including the flashing of breasts in front of other employees. To those employees who would engage in this sexually flirtatious conduct he would give them financial rewards through increased salaries and employee benefits. He made it known that participation in this flirtatious and sexually open environment would be rewarded with better treatment for employees, benefits and promotions. Those who did not participate in the flirtatious and sexually open environment would not be rewarded, and criticized for not being part of the culture.

d. He told sexually offensive jokes to female employees involving female bondage and again rewarded those who would laugh and participate in this sexually

perverse culture;

   e. He made reference to female employees as having their "panties in a wad."

   f. He reduced salaries and terminated female employees who did not participate in his sexually oriented culture;

   g. He terminated older female employees under the pretense that they did not have the "look" he desired.  He replaced those employees with young inexperienced females who would flirt with him, accompany him in social settings, and expose themselves.  Again he made it known that he desired young flirtatious females to socialize with him and that this conduct would be rewarded with extravagant gifts which were treated as a business expense by the company, salary increases, bonuses, and other employee benefits.

   11. Plaintiff was continually criticized for not participating in this sexually perverse culture.  During the pendency of another employee's complaint before the EEOC concerning the Defendants' discriminatory practices, Mr. Caceres requested Plaintiff to fabricate that the employee was not making her sales numbers.  Plaintiff refused to participate in this conduct and was terminated shortly thereafter.  Plaintiff was told that the reason that she did not fit with the culture (which was hostile to female employees who did not allow themselves to be exploited).

## COUNT I

## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

12. Plaintiff restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

13. 42 U.S.C. § 2000e-2(a) provides that it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ... ; or (2) to limit, segregate, or classify his employees .. .in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex".

14. Plaintiff is a member of a protected group, that is, women.

15. The Defendants violated Plaintiff's rights under Title VII (42 U.S.C. § 2000e, et seq.) by engaging in actions and/or activities constituting hostile work environment sexual harassment against Plaintiff, as alleged above.

16. These violations by Defendants were based upon Plaintiff's sex, and affected the terms, conditions, and/or privileges of Plaintiff's employment.

17. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered, and will in the future suffer, damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of

enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

18. In addition, Plaintiff has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

## COUNT II

## QUID PRO QUO DISCRIMINATION

19. Plaintiff restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

20. 42 U.S.C. § 2000e-2(a) provides that it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ... ; or (2) to limit, segregate, or classify his employees .. .in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex".

21. The Defendants violated Plaintff's rights under Title VII by engaging in actions and/or activities constituting quid pro quo sexual harassment.

22.  Plaintiff has suffered tangible employment actions, resulting from her rejection of the Defendant's sexual harassment and refusing to participate in the flirtatious social activities required by the Defendant for advancement and continued employment. These tangible employment actions consisted of the conduct outlined

above, including suffering a substantial loss of income.

23. These violations affected the terms, conditions, and/or privileges of Plaintiff's employment, in violation of 42 U.S.C. § 2000e, et seq.

24. As a direct and proximate result of the unlawful conduct of defendant, Plaintiff has suffered, and will in the future suffer, damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life and other nonpecuniary injury, in amounts to be determined at trial.

25. In addition, Plaintiff has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

## COUNT III

## RETALIATION

26. Plaintiff restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

27. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to "discriminate against any individual ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

28. Defendants, by and through its employees, agents, and officers, including

supervisory employees intentionally, willfully, and wantonly retaliated against Plaintiff because of she refused to fabricate evidence in complaint filed by other employees of Overnite Software, Inc., with the EEOC concerning discrimination in the workplace. After she refused to provide the pretext evidence that Defendants desired Plaintiff was subjected to unfair and arbitrary treatment, harassment, and interference with the terms, conditions and/or privileges of her employment subsequent to the other employee's complaining of the discriminatory and unlawful treatment of her by Defendants all as alleged above.

29. The actions and/or activities of Defendants, constitute retaliation for Plaintiff's refusal to provide false evidence are in violation of Title VII of the 1964 Civil Rights Act.

30. As a direct and proximate result of the unlawful retaliation by Defendants, Plaintiff has suffered, and will in the future suffer, damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer, and that upon the final hearing of this cause she be awarded judgment for her

damages, costs of court including attorney fees, prejudgment and post judgment interest at the applicable rates, and for such other and further relief as is just.

                                      Respectfully submitted,

                                      ___/S/James D. Pierce_____
                                      James D. Pierce(15994500)
                                      jim@jamespierce.com

                                      1 Sugar Creek Center Suite 1080
                                      Sugar Land, TX 77478
                                      (713) 650-0150