UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIMBERLEY GARNER** § | | **CIVIL ACTION** |
| § | | |
| *Plaintiff* § | | **4:16-cv-00034** |
| vs. § | | |
| § | | **JURY DEMANDED** |
| **ARMANDO CACERES, JR.** § | | |
| **AND** § | | |
| **OVERNITE SOFTWARE, INC.** § | | |
| | | |
| *Defendants* | | |

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Armando Caceres, Jr. ("Caceres") requests that the Court, pursuant to FED. R. CIV. P. 12 (b)(6), dismiss the Plaintiff's Complaint against Caceres in its entirety. In support of his motion, Caceres submits the following:

### I.  FED. R. CIV. P. 12 (b)(6) MOTION

1. Caceres moves the Court to dismiss, pursuant to FED. R. CIV. P. 12 (b)(6), all claims brought against Caceres and which are set forth in Plaintiff's Complaint. Plaintiff has failed to state a claim under 42 U. S. C. § 2000e et seq. ("Title VII") on which relief may be granted against Caceres. Specifically, Plaintiff may not sue an individual employee, such as Caceres, in his official or individual capacities under Title VII.

## II.     STATEMENT OF THE CASE

2.      Plaintiff filed this lawsuit against Defendant Overnite Software, Inc. ("OSI") and Caceres, in his individual capacity.

3.      Plaintiff alleges sexual harassment, discrimination and retaliation in violation of Title VII (Doc. No. 1) and she has sued Caceres, individually, under Title VII only and as an alleged "agent" of OSI. Plaintiff alleges no other causes of action or legal theories against Caceres. Caceres asserts that he is a not proper party under Title VII and respectfully asks this Court to dismiss the complaint against him pursuant to FED. R. CIV. P. 12 (b)(6).

## III.    LAW AND ARGUMENT

A.     LEGAL STANDARD

4.      Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 550 U.S. 544, at 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The factual allegations must "raise a reasonable expectation that discovery will reveal evidence" of liability. *Twombly*,

550 U.S. at 556. The court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 149-50. *Anderson v. Law Firm of Shorty Dooley & Hall* 2009 WL 3837550, (E.D.La. 2009). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Twombly*, at 557, 127 S.Ct. 1955. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555. The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)

Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004). See also, *Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1063 n.3 (8th Cir. 2005), citing, *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1101 (8th Cirt. 2000) (stating that "[o]n a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record referenced in the complaint may also be taken into account") and, *Faibisch v. University of Minnesota*, 304 F.3d 797,

802 (8th Cir. 2002) (the EEOC charge is part of public record and may be considered on motion to dismiss without converting motion to one for summary judgment).

### B. PLAINTIFF MAY NOT SUE AN INDIVIDUAL OSI EMPLOYEE IN HIS INDIVIDUAL OR OFFICIAL CAPACITY UNDER TITLE VII

5. Plaintiff is precluded from bringing Title VII claims for sexual harassment, discrimination and retaliation against Caceres in his individual or official capacity and as an alleged "agent" of OSI. Furthermore, Plaintiff admits in her Charge of Discrimination that Caceres was employed by OSI as her "Supervisor". (Exhibit "A").

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b) (2003). Despite the reference to an employer's agents, the Fifth Circuit has held that Title VII does not impose individual liability. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir.1999).

6. Congress' purpose, by including agents within the definition of employer, was to incorporate *respondeat superior* liability into the statute. *Indest*, 164 F.3d at 262 (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir.1994)); *Jackson v. Assocs. Credit Card Servs., Inc.*, 2002 WL 742602, at 2 (N.D.Tex. Apr. 25, 2002). As a result, an individual may sue his employer for *respondeat superior* liability, but may

not sue the agent for Title VII liability. See, *Ackel v. National Communications, Inc.*, 339 F. 3d 376, 387 (5th Cir. 2003) (stating that "individuals are not liable under Title VII in either their individual or official capacities") and *Johnson v. TCB Construction Co., Inc*., 334 Fed.Appx. 666, 669 (5th Cir. 2009) (a plaintiff could not maintain Title VII claim against plaintiff's supervisor in his individual capacity.) See also, *Shabazz v. Texas Youth Commission*, 300 F.Supp.2d 467, 471 (N.D. Tex. 2003) (holding that because plaintiff was bringing a Title VII claim against the Texas Youth Commission, he could not also bring a Title VII claim against TYC employees in their official capacities).

7.   Based on the forgoing, it is clear that Caceres is not a proper party to this lawsuit and all claims against him in his individual or official capacity should be dismissed with prejudice for failure to state a claim.

## IV.   PRAYER

8.   Caceres respectfully requests that the Plaintiff's Complaint against him, in its entirety, be dismissed with prejudice for failure to state a claim upon which relief may be granted.

                      Respectfully submitted,

                      ___*/ s / Lynn J. Klement*
                      Lynn J. Klement
                      LAW OFFICE OF LYNN J. KLEMENT
                      State Bar No. 11567900
                      lklement@sbcglobal.net
                      P.O. Box 1744

                              300 North Velasco
                              Angleton, Texas 77516-1744
                              (979) 849-1175
                              (979) 849-8928 Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Defendants' **MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** has been provided to the person at the address listed below, via the Court's Electronic Filing System on the 25th day of February, 2016.

                              James D. Pierce
                        1 Sugar Creek Center, Suite 1080
                           Sugarland, Texas 77478

                                          */ s / Lynn J. Klement*
                                          Lynn J. Klement